SOTO, APELANTE, *v.* VÉLEZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 921.—Resuelto en mayo 29, 1913.

USUFRUCTO—POSESIÓN EN PRECARIO.—Se resolvió que la corte inferior cometió error al llegar a la conclusión de que el demandado ocupaba la casa en cuestión a título gratuito con el consentimiento de la demandante y en consideración al afecto y cariño que le profesaba al demandado por ser éste hijo de crianza suya, pues tal presunción de cariño y afecto no está justificada por los hechos probados en el juicio.

ID.—PRESTACIÓN DE FIANZA POR EL USUFRUCTUARIO.—Atendida la prueba practicada, las circunstancias de este caso y el hecho de que el demandado no ha prestado como usufructuario la fianza que exige el artículo 490 del Código Civil Revisado, se resolvió que la corte inferior erró al llegar a la conclusión de que el demandado no estaba obligado a pagar nada a la demandante por los frutos de la finca que ha estado poseyendo.

PRUEBAS—AUTOS DE OTRO PLEITO DISTINTO ENTRE LAS MISMAS PARTES.—Cometió error la corte inferior al admitir como prueba en este pleito los autos de un pleito de desahucio seguido entre las mismas partes, pero en el cual las cuestiones debatidas son impertinentes en este.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José Benet.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Esta acción fué entablada por la apelante contra el apelado, en reclamación de una suma de $1,525, como importe de varias reclamaciones que se determinan detalladamente, con intereses y costas.

El demandado formuló su contestación negando en ella sustancialmente todas las alegaciones contenidas en la demanda, y alegando como materia constitutiva de oposición, que Don León N. Gardere y Caséz de quien la finca en cuestión fué adquirida, falleció en Añasco el día 5 de noviembre de 1905, estando casado con la demandante, bajo testamento según el cual instituyó heredero de todos sus bienes a José Gerardo Vélez, dejando el usufructo de los mismos a su viuda, quien no por esto quedó exenta de la obligación de prestar la fianza exigida por el estatuto; que la demandante no ha prestado tal fianza al demandado para entrar en el goce del usufructo de dichos bienes; que los bienes a que se refiere la demanda y el producto de los mismos, reclamados en la expresada demanda, son los dejados por el mencionado Gardere a su fallecimiento y constituyen la herencia del demandado; y concluye el demandado con la súplica de que se desestime la demanda, con las costas a cargo de la parte demandante.

Ambas partes comparecieron a la celebración del juicio que tuvo lugar el día 27 de agosto de 1912, en cuyo acto estuvieron representados por sus respectivos abogados Benet y Arnaldo. Presentaron prueba testifical y documental que fué admitida sin objeción alguna, habiendo la corte sentencia-

dora después de considerarla conjuntamente, declarado probados los siguientes hechos:

1. Que Don León Gardere era dueño de una finca de cinco cuerdas y cuatro céntimos, radicada en el barrio de Añasco Arriba, del término municipal de Añasco, que forma parte de la zona urbana, o sea la misma finca que se describe en el hecho primero de la demanda; esa finca contiene una casa de vivienda de dos pisos, contruída de madera, cubierta de zinc y con balcón al frente, un martillo anexo, con las medidas especificadas en el primer párrafo de la demanda.

2. Que la referida casa enclavada en la finca mencionada fué adquirida por Don León Gardere y Caséz con anterioridad al matrimonio con Doña Teresa Soto, la demandante en este pleito, pero que después y durante el matrimonio de ambos, se hicieron ciertas mejoras en ella hasta tenerla en la condición en que ahora se encuentra.

3. Que Don León Gardere y Caséz era el dueño de una finca rústica dedicada al cultivo de café, productos menores, y a pastos, radicada en el barrio "Cercado" del término municipal de Añasco, y compuesta de 47½ cuerdas, y la finca se describe en el hecho segundo de la demanda; y que la referida finca rústica del "Cercado" fué adquirida por Gardere durante su matrimonio con la demandante en esta acción, a quien pertenece una mitad proindivisa de la misma en propiedad.

4. Que Don León Gardere y Caséz falleció en Añasco el día 5 de noviembre de 1905, y en su testamento declaró todos sus bienes como pertenecientes a la sociedad de gananciales, existente entre él y su esposa, nombrando como heredero suyo a su hijo de crianza José Gerardo Vélez, el demandado en este pleito.

5. Que el testador dió a su esposa o sea la demandante en esta acción, el usufructo de sus bienes en totalidad, mientras vivía; y dicho testamento es válido, no habiendo sido anulado o viciado en forma alguna.

6. Se ha probado que después de la muerte de Don León Gardere y Caséz, ocurrida como se ha dicho el día 5 de noviembre de 1905, el demandado vendió cierta cantidad de bocoyes de ron y conservó en su poder el producto de la venta, montante a la suma de doscientos treinta y cinco dollars treinta y cinco centavos ($235.35) según aparece consignado en el inventario que se practicó el día 27 de enero de 1906, al cual asistieron las partes interesadas en este pleito, junto con varios testigos en el pueblo de Añasco.

7. Que también se ha probado que José Gerardo Vélez percibió las mensualidades correspondientes a los meses de noviembre y diciembre del año 1905, del Señor Wáshington, empleado de las escuelas públicas de Añasco, por los cánones de arrendamiento de la casa de dos pisos, que se describe en el primer párrafo de la demanda y que ocupaba como inquilino, montantes dichos cánones a la suma de $30.

8. Que dichos $30 fueron recibidos y quedaron en poder de José Gerardo Vélez, el demandado en este caso, según aparece en la página 8ª. del mencionado inventario; pero de un *memorandum* presentado en evidencia por el demandado y admitido en el juicio sin oposición por parte de la demandante, aparece y no fué negado por la misma, que posteriormente o sea en 28 de enero de 1906, el demandado José Gerardo Vélez entregó la suma de ciento noventa dollars ($190), y que al día siguiente entregó, además, una suma de treinta y cinco dollars ($35) cuya nota, copiada literalmente, dice lo siguiente: "Me ha entregado Gerardo el dinero que había en caja; son ciento noventa; enero 28 de 1906. Después, me ha entregado con fecha 29, treinta y cinco dollars más." Que del contenido de dicha nota y de la declaración del demandado José Gerardo Vélez, así como de la de la demandante Señora Soto, quedó probado que la suma de $190 a que el documento se refiere fué en pago del ron a que se hace referencia en la cláusula cuarta de la demanda y la otra partida de $35, incluía los $30 de los correspondientes a las dos men-

sualidades de la casa que percibió el demandado del Señor Wáshington.

9. Tomando y apreciando toda la prueba en conjunto, resulta que José Gerardo Vélez ocupaba y habitaba parte de la casa descrita en el hecho primero de la demandada, sin pagar alquiler u otra compensación a la demandante. Pero la corte no puede llegar a la conclusión de que el demandado José Gerardo Vélez, estuviese ocupando y habitando la parte de la casa en cuestión, mediante convenio de pagar algún canon. La corte, después de considerar la prueba en conjunto, llega a la conclusión de que el demandado Gerardo Vélez, ha estado ocupando dicha casa sin que se le haya exigido jamás hasta la interposición de esta demanda, que pagar algún canon por ella, y que la ha estado habitando de tal modo con el consentimiento de la demandante Teresa Soto de Gardere, a título gratuito y solamente en consideración al cariño y estimación que necesariamente había de profesarle la demandante al demandado, teniendo en cuenta que es su hijo de crianza y que ha vivido con ella por espacio de treinta años; y la corte aun se confirma más en su creencia al considerar la demanda de desahucio presentada en el caso No. 3556, por Teresa Soto contra Gerardo Vélez, en cuya demanda se hace referencia a la casa de madera de dos pisos, techada de zinc y con balcón al frente, que se halla enclavada en la porción de terreno compuesta de cinco cuerdas descrita en el hecho primero de la demanda.

10. Que en la demanda de desahucio y en el hecho tercero de la misma, se alega literalmente lo que sigue: "Que los demandados José Gerardo Vélez y su esposa Monserrate Vélez de Vélez, retienen ilegalmente la posesión material de la casa descrita en la primera alegación de la demanda, reteniendo y disfrutando la misma precariamente, sin pagar canon alguno o merced, o sin ninguna otra causa para ello. Que dichos demandados ocupan la planta alta de dicha casa y parte de los bajos de la misma, y se niegan a desocuparla

y dejarla a la disposición de la demandante, a pesar de los repetidos requerimientos que esta última le ha hecho.

11. La corte es de opinión de que la casa en cuestión ha sido habitada, poseída y disfrutada como se alega en la demanda, precariamente, sin pagar canon o merced alguna y que en ningún tiempo se ha convenido entre demandante y demandado nada con respecto a ningún pago por arrendamiento de dicha casa.

12. Aparece también probado que José Gerardo Vélez desde hace dos años más o menos, se hizo cargo de la finca de 47 cuerdas radicada en el barrio de ''Cercado'' de Añasco, y que se describe en el párrafo segundo de la demanda presentada en este pleito cultivándola y aprovechándose de sus productos en su propio beneficio, recolectando algunas cosechas de café, cuyo valor no ha sido determinado en este pleito, y cultivando asimismo y disfrutando de los productos de las cosechas de caña de azúcar, así como de los cocos y frutos menores juntamente con el producto de la madera y leña que ha cortado en la finca.

13. Pero la corte ha llegado a la conclusión de que toda la prueba practicada en conjunto y apreciándola con un criterio racional y humano, de que el demandado José Gerardo Vélez, ha estado ocupando dicha finca del ''Cercado'' con el consentimiento y voluntad de la demandante Teresa Soto de Gardere, quien le encargó de dicha finca, siendo el demandado su hijo de crianza, que había vivido con ella desde hacía unos treinta años cuando regresó de los Estados Unidos, adonde fué a curarse sin contar con ninguna clase de recursos; y la corte es de opinión de que tal finca fué entregada al demandado atendido su estado de salud y malas condiciones financieras para que disfrutara de sus beneficios. Tales fueron los hechos declarados probados por la corte sentenciadora.

Tomando en consideración todos estos hechos declarados probados, la corte llegó a la siguiente conclusión legal: Que el demandado José Gerardo Vélez, no está obligado a pagar

ninguna compensación por las diferentes cosechas y productos menores de la referida finca, de cuyos productos se benefició y utilizó con consentimiento de la demandante.

Fundada en estas conclusiones de hecho y de derecho, la corte sentenciadora llega a las siguientes conclusiones: "Por todos los hechos consignados como probados y por la ley aplicable al caso, la corte es de opinión que debe dictarse y así se dicta por la presente, una sentencia declarando sin lugar la demanda en todas sus partes, y que la demandante Teresa Soto de Gardere no recobre nada en este pleito del demandado José Gerardo Vélez, con imposición de todas las costas, desembolsos y honorarios de abogado. Y se ordena que se registre una sentencia de conformidad."

La apelante compareció ante la corte por medio de su abogado quien presentó un extenso alegato en el que consta una asignación de los errores, pero no aparece en los autos que se haya presentado ningún alegato a favor del apelado. Este probablemente confía en la opinión de la corte sentenciadora para que se confirme la sentencia contra la cual se ha interpuesto la presente apelación.

La defensa alegada por el demandado en su contestación no ha sido tomada en consideración por la corte inferior en su opinión y el abogado del apelante apenas hace referencia a la misma en su alegato. Pero es conveniente que de paso la consideremos. Esta es la segunda de las nuevas materias constitutivas de oposición a la demanda, a saber, que la demandante no ha prestado fianza al demandado para entrar en el goce de los bienes que se reclaman. Debemos tener presente que ambas partes formulan sus reclamaciones de conformidad con el testamento de León Gardere; el demandado como heredero y la demandante como usufructuaria. La propiedad se compone de bienes muebles e inmuebles; y puede verse de los autos que la demandante no ha prestado hasta ahora ninguna fianza según exige el estatuto, que le dé derecho a la posesión de los mismos; tampoco tenemos conocimiento de que haya sido relevada de tal obligación.

El Título VI del libro 28 del Código Civil, comprende sesenta y seis artículos que tratan del usufructo, uso y ocupación y varios artículos del mismo pueden propiamente ser de aplicación a los hechos de este caso. Véase el Código Civil, páginas 945–960.

Se observará que de acuerdo con el artículo 471 del Código Civil, el usufructuario tiene el derecho a percibir todos los frutos naturales, industriales y civiles de los bienes usufructuados; siendo éstos en el presente caso todos los bienes inmuebles y muebles pertenecientes a la herencia del finado León N. Gardere. Estos derechos no dependen de la prestación de la fianza por el usufructuario. El usufructuario antes de entrar en posesión de los bienes debe prestar la fianza exigida por la ley. Artículo 490 del Código Civil. Si el usufructuario dejare de prestar la fianza exigida, el propietario puede exigir que los inmuebles se pongan en administración, que los muebles se vendan y que se dé una buena inversión a los productos. El propietario puede, además, retener en su poder los bienes del usufructo mientras pende la acción del usufructuario; pero tiene la obligación de entregar al usufructuario el producto líquido de los mismos, deduciendo los gastos de la administración. Artículo 493 del Código Civil. Estos productos son precisamente los que trata el apelante de obtener del apelado en este pleito, con respecto a los cuales se niega a dar cuenta o a satisfacer su importe. Sin embargo, puede que no sea necesario considerar más detalladamente estas cuestiones en la resolución de este caso.

Examinaremos cuáles son los errores que se alega fueron cometidos por la corte inferior. Estos son los siguientes:

1. La corte de distrito erró al considerar como probado el hecho de que el demandado José Gerardo Vélez, había devuelto a la demandante la suma que le debía por el ron vendido junto con los $30 de las mensualidades pagadas por el Señor Wáshington.

2. La corte erró al estimar como probado que el demandado José Gerardo Vélez, habitaba la casa de dos pisos con

el consentimiento de la demandante Teresa Soto, a título gratuito y en consideración al cariño y afecto que la demandante naturalmente profesaba al demandado.

3. La corte en su opinión, después de admitir como probado que el demandado disfrutó del uso de la finca situada en el barrio de "Cercado," compuesta de 47 cuerdas, y que retuvo el producto de la misma, pasa a declarar que el demandado José Gerardo Vélez, había ocupado la propiedad con el consentimiento de la demandante Teresa Soto, quien le había encargado de la misma cuando el demandado, hijo de crianza de la demandante y que había vivido con ella por espacio de 30 años, volvió de los Estados Unidos adonde había ido sin recursos, en busca de salud para sus males; y llega la corte a la conclusión de que el demandado José Gerardo Vélez, no está en la obligación de pagar nada por los cosechas y otras productos de dicha finca de los cuales disfrutó y se benefició.

4. La corte erró al admitir como prueba documental a favor del demandado los autos del caso civil No. 3556 sobre desahucio, a cuya admisión tomó excepción la demandante por ser contraria a la ley e inmaterial y no tener relación alguna con las alegaciones hechas por el demandado en su contestación y a la nueva materia constitutiva de defensa.

Pasaremos ahora a considerar estos cuatro señalamientos de error sucesivamente en el orden indicado por el apelante.

Por tanto, surge primeramente la cuestión de si de la prueba resulta o nó que el demandado José Gerardo Vélez, había entregado a la demandante las sumas debidas por el ron que fué vendido y por las mensualidades que habían sido cobradas.

Aparece claramente de la relación de hechos, que el demandado había vendido ron hasta la suma de $235.35 y cobrado las mensualidades montantes a $30, habiendo conservado estas cantidades en su poder; pero en el mes de enero de 1906, entregó a la demandante $225 según aparece de un memorándum que fué presentado como prueba. En el memo-

rándum no se expresa la procedencia de este dinero y puede que haya sido parte de los $265.35 como producto del ron y de los alquileres que él había cobrado anteriormente y conservado en su poder. Si bien el memorándum no demuestra este hecho, la corte puede haber declarado probado en vista de otra prueba que haya sido presentada, que este dinero fué satisfecho por el demandado a la demandante. En realidad, el propio demandado declara que hasta fines de enero de 1906, entregó a la demandante el balance de los productos del ron vendido y, además, el dinero que había cobrado por alquileres. Alega, además, que empleó el dinero o parte del mismo en pagar cuentas que debía el finado. Aunque la prueba no es muy clara en cuanto a este punto y tampoco es satisfactoria en manera alguna, no podemos declarar que la corte cometió error al llegar a esta conclusión.

El segundo error alegado es que la corte sentenciadora estimó como probado que el demandado ocupaba a título gratuito la casa de dos pisos con el consentimiento de la demandante y en consideración al afecto y cariño que la demandante naturalmente tenía al demandado. La presunción "de cariño y afecto" entre una madre y su hijo de crianza que es mayor de 30 años, no es de tal clase que no pueda ser contradicha por circunstancias tales como las que aparecen en la relación de hechos contenida en estos autos. Cualesquiera que hayan sido los buenos sentimientos entre las partes, resultó claramente probado que por tres o cuatro años con anterioridad a la cuestión que ha dado origen a este pleito no existía amor o afecto alguno entre ellos, y por tanto, no hay razón en que fundar esta conclusión a que ha llegado la corte sentenciadora según constan los hechos en los autos. Por consiguiente, creemos que la conclusión de la corte no está sostenida por los hechos que se desarrollaron en el juicio.

El tercer error que se alega es la conclusión legal a que llega la corte, de los hechos que declaró probados; entre otros al que se ha hecho referencia en el señalamiento anterior. Consideramos la conclusión a que llegó la corte de que el

demandado no estaba en la obligación de pagar nada por las cosechas y otros productos de dicha finca, de las cuales disfrutó y se benefició, que es errónea y no está justificada por la prueba presentada en el juicio. Es cierto que existe alguna prueba que demuestra que hubo cierta especie de convenio entre las partes con el fin de que el demandado administrara la finca rústica y la demandante la urbana; pero este convenio no tenía por objeto, relevar al demandado de dar cuenta de todas las operaciones ni podía estimarse como una donación por parte de la demandante del usufructo a que tenía derecho de acuerdo con el testamento. El demandado debió haber informado regularmente a la demandante acerca de los productos netos de la finca en cuya posesión estaba con o sin su consentimiento y con respecto a la cual tenía cierto derecho al fallecimiento de ésta. Fué claramente improcedente el haber dictado una sentencia a favor del demandado eximiéndole de toda responsabilidad y concediéndole costas, desembolsos y honorarios de abogados.

El cuarto error que ha sido alegado, se refiere a la admisión de prueba documental a favor del demandado, consistente en los autos de un pleito civil de desahucio que había tenido lugar entre las partes. Estos documentos se refieren a un caso enteramente distinto al presente en el cual no se discutían las mismas cuestiones, y aunque fué seguido por las mismas partes, eran impertinentes e inmateriales, y no debieron haber sido admitidos en este caso, pues la presentación de los mismos no tuvo otro efecto sino el de confundir las cuestiones que habían de resolverse entre el demandante y el demandado.

Por consiguiente, por las razones expresadas, la sentencia dictada por la corte inferior no puede ser sostenida y debe revocarse, devolviéndose los autos a la corte de distrito con instrucciones de que proceda a la celebración de un nuevo

juicio, de conformidad con la ley según ha sido considerada en esta opinión.

> *Revocada la sentencia ordenándose la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.